**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **MONICA R. HAWKINS,** ) | |
|         **Plaintiff,** ) | |
| **vs.** ) | **No. 3:14-CV-0504-N-BH** |
| ) | |
| **DARRAL D. GRIFFIN, SR.,** ) | |
|         **Defendant.** ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this *pro se* case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, and the case should be dismissed for failure to prosecute or follow court orders.

**I. BACKGROUND**

On February 10, 2014, the plaintiff filed this action and submitted an application to proceed *in forma pauperis* (IFP). (*See* docs. 3, 5.) The application was granted by order dated February 11, 2014. (*See* doc. 7.) On that same date, the Court sent her a Magistrate Judge's Questionnaire to obtain more information about her claims. (*See* doc. 10.) It ordered the plaintiff to file her responses within fourteen days and expressly warned that failure to timely file answers could result in the dismissal of the action for failure to prosecute. More than twenty days have passed since the date of the questionnaire, but the plaintiff has not filed her answers to the questionnaire or anything else in this case.

**II. INVOLUNTARY DISMISSAL**

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court

calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff has failed to comply with the February 11, 2014 order requiring her to file answers to the questionnaire within fourteen days, and she has not filed anything else in the case. It appears that she does not intend to proceed with this case, and it should therefore be dismissed for failure to prosecute or follow orders of the Court.

### III. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders, unless the plaintiff submits her answers to the questionnaire within the time for objecting to this recommendation or some other deadline set by the Court.

**SIGNED this 3rd day of March, 2014.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE